# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-692V
### Filed: September 21, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SUMMER SHELL, | \* | Not for Publication |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Attorney's Fees and Costs; |
| | \* | Contested; Range. |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.*
*Darryl Wishard, United States Department of Justice, Washington, DC, for respondent.*

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

**Roth,** Special Master:

On September 18, 2013, Summer Shell ("Ms. Shell" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that human papilloma virus ("HPV") vaccines she received on October 4, 2010, and February 4, 2011 led to her development of idiopathic thrombocytopenic purpura ("ITP"). *See generally* Petition ("Pet."), ECF No. 1; Petitioner's Exhibit ("Pet. Ex.") 14. On May 4, 2016, respondent filed a stipulation of settlement. Stipulation for Award ("Stipulation"), ECF No. 57. The undersigned issued a decision approving the settlement on May 6, 2016. Decision, ECF No. 58. Petitioner now seeks an award of attorney's fees and costs in the amount of $55,200.47, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorney's Fees and Costs ("Motion for Fees"), ECF No. 64. After careful

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I.       Procedural History.

Petitioner filed her petition on September 18, 2013. ECF No. 1. This case was originally assigned to Special Master Nora Beth Dorsey.[3] Petitioner filed her medical records on September 24, 2013; additional records were filed on November 8, 2013, November 21, 2013, and December 12, 2013. ECF Nos. 4, 8, 9. Respondent filed her Rule 4(c) Report ("Rsp. Rpt.") on February 5, 2014, concluding that petitioner's injury was not appropriate for compensation. ECF No. 12. Petitioner filed an expert report from Dr. Gershwin on October 16, 2014. Pet. Ex. 15, ECF No. 22. Respondent filed an expert report from Dr. Strouse on January 26, 2015. Rsp. Ex. A, ECF No. 27. Petitioner filed a responsive expert report from Dr. Gershwin on April 27, 2015. Pet. Ex. 17, ECF No. 32. Respondent filed a responsive expert report from Dr. Strouse on August 3, 2015. Rsp. Ex. H, ECF No. 37. Petitioner filed a supplemental expert report from Dr. Gershwin on October 28, 2015. Pet. Ex. 19, ECF no. 49. Respondent filed a supplemental expert report from Dr. Strouse on December 22, 2016. Rsp. Ex. K, CF No. 51.

This case was reassigned to me on October 21, 2015. ECF No. 48. A status conference was held on January 20, 2016, in which I encouraged the parties to resolve this matter informally. Respondent filed a stipulation for award on May 4, 2016. Stipulation, ECF No. 57. On May 6, 2016, I issued a decision approving the award. Decision, ECF No. 58.

Petitioner filed her application for fees and costs on August 2, 2016, requesting attorneys' fees in the amount of $36,153.15, and costs in the amount of $19,047.32, for a total of $55,200.47. Pet. Ex. A, ECF No. 64-1. Respondent submitted her response on August 5, 2016. Response to Motion for Attorney's Fees ("Response"), ECF NO. 65. Respondent made no specific objections to the hours or rates; she merely submitted a range of $31,000 to $41,000 as appropriate fees and costs in this matter. Petitioner filed her reply ("Reply") on August 9, 2016, noting that, due to respondent's aggressive defense of this matter, a not-insignificant portion of the costs in this matter are expert's fees. Reply, ECF No. 66.

This matter is now ripe for decision.

## II.       Applicable Law.

The Vaccine Act allows Special Masters to award attorney's fees and costs to a petitioner if the claim was brought in good faith and with "reasonable basis." § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). Rather, the fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is

---

[3] Special Master Dorsey was elevated to Chief Special Master on September 1, 2015.

proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorney's fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive from $150 to $225. *Id.*

### III.    Discussion.

In her Response, respondent provided no specific objection to the amount requested or the hours worked in this matter, but instead, offered a range which she believes is a "reasonable amount" for fees and costs. Response at 3. Respondent simply "reminded" the Court of its discretion in awarding fees, quoting *Fox v. Vice*, and reiterated the fact that 'the determination of [attorney's] fees "should not result in a second major litigation."' Response at 2-3. Respondent proceeded to state that a "reasonable" amount for fees and costs in this case would fall between $31,000 and $41,000, without specifically addressing how that range applies to this particular matter.

Mark Sadaka has been licensed to practice in the Court of Federal Claims since 2005, and has filed 180 petitions alleging vaccine related injuries. Pet. Ex. C at 2, 3; ECF No. 64-3. Petitioner has requested hourly rates for Mr. Sadaka of $334 for work performed in 2011, $337.05 for work performed from 2012 to 2013, $350 for work performed from 2014 to 2015, and $362.95 for work performed in 2016. Mr. Sadaka has been practicing in the Vaccine Program for 11 years, and practicing law for 13 years. He therefore falls within the *McCulloch* range of 11 to 19 years practice at a rate of $300 to $375. He practices in Englewood, NJ, which is located just minutes outside of Manhattan; therefore, forum rates apply.

Based on a study of fees awarded to Mr. Sadaka in previous cases, the undersigned finds appropriate hourly rates for Mr. Sadaka to be as follows: $310 for work performed in 2011; $325 for work performed in 2012; $337 for work performed in 2013; $350 for work performed in 2014 and 2015; and $360 for work performed in 2016. See *Apodaca v. Sec'y of HHS*, No. 15-106V, 2016 WL 4013704 (Fed. Cl. Spec. Mstr. July 5, 2016); *Purgason v. Sec'y of HHS*, No. 12-465V, 2016 WL 4013680 (Fed. Cl. Spec. Mstr. June 30, 2016); *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785 (Fed. Cl. Spec. Mstr. April 27, 2016); *Junker v. Sec'y of HHS*, No. 14-1155V, 2016 WL 3147908 (Fed. Cl. Spec. Mstr. April 20, 2016); *Zimmer v. Sec'y of HHS*, No. 13-423V, 2014 WL 3361554 (Fed. Cl. Spec. Mstr. June 12, 2014); *Kao v. Sec'y of HHS*, No. 13-777V, 2014 WL 2858668 (Fed. Cl. Spec. Mstr. June 2, 2014).

Petitioner has requested hourly rates for Mr. Sadaka's paralegals of $130.01 for work performed from 2011 to 2013, $135 for work performed in 2014 and 2015, and $140 for work performed in 2016. Upon counsel's submission, he did not qualify his paralegals as "registered" or "certified;" therefore, they do not merit the hourly rate of $135 for registered or certified paralegals as decided in *McCulloch*. The hourly rates for Mr. Sadaka's paralegals will be reduced to $125 across the board.

|  | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 |
|---|---|---|---|---|---|---|
| Mark Sadaka | 310 | 325 | 337 | 350 | 350 | 360 |
| Anna C. Sweeney |  |  | 192.60 | 200 | 200 |  |
| Andrew J. Pinion |  |  |  |  |  | 200 |
| Paralegals | 125 | 125 | 125 | 125 | 125 | 125 |

**I have therefore reduced the attorney's fees award to a total of $35,285.64**.

### IV.     Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I find that fees for Mark T. Sadaka, LLC shall be reduced to $35,285.64, and costs granted in full. For the reasons contained herein, **a check in the amount of $54,379.71[4] made payable jointly to petitioner, Summer Shell, and petitioner's counsel of record, Mark Sadaka, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).