# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-692V
**Filed: May 6, 2016**

* * * * * * * * * * * * * * * * * * * *
SUMMER SHELL,            *
                                 *
                Petitioner,    *       Joint Stipulation on Damages; Human
v.                                *       Papillomavirus ("HPV") Vaccine; Immune
                                 *       Thrombocytopenic Purpura ("ITP")
                                 *
SECRETARY OF HEALTH    *
AND HUMAN SERVICES,     *
                                 *
                Respondent.    *
* * * * * * * * * * * * * * * * * * * *

Mark Sadaka, Esq., Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Darryl Wishard, Esq., US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

       Summer Shell ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on September 18, 2013.  Petitioner alleges that she developed immune thrombocytopenic purpura ("ITP") after receiving human papillomavirus ("HPV") vaccines on October 4, 2010 and February 4, 2011.  *See* Stipulation, filed May 4, 2016, at ¶¶ 1-4.  Respondent denies that the HPV immunizations either caused or significantly aggravated petitioner's injury.  Stipulation at ¶ 6.

       Nevertheless, the parties have agreed to settle the case.  On May 4, 2016, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent agrees to issue the following payments:

**(1) A lump sum of $25,000.00 in the form of a check payable to petitioner, Summer Shell;** and

**(2) A lump sum of $13,680.79, which amount represents compensation for reimbursement of the Medicaid Lien, in the form of a check payable jointly to petitioner and the Division of Medical Assistance, Case No. 207858, Office of the Controller, 2022 Mail Service Center, Raleigh, NC 27699-2022.** Petitioner agrees to endorse this payment to the Division of Medical Assistance.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                              **s/ Mindy Michaels Roth**
                                                  Mindy Michaels Roth
                                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SUMMER SHELL, | ) |
| | ) |
| Petitioner, | ) No. 13-692V   ECF |
| | ) |
| v. | ) Special Master Roth |
| | ) |
| SECRETARY OF HEALTH | ) |
| AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Summer Shell, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the human papillomavirus ("HPV") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the HPV vaccine on October 4, 2010 and February 4, 2011.

3. The vaccines were administered within the United States.

4. Petitioner alleges that, as a result of receiving the vaccines, she suffered from immune thrombocytopenic purpura ("ITP"), and that she experienced symptoms of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of the alleged injuries.

1

6. Respondent denies that the vaccines either caused or significantly aggravated petitioner's alleged injuries or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $25,000.00 in the form of a check payable to petitioner; and

    b. A lump sum of $13,680.79, which amount represents compensation for reimbursement of the Medicaid lien, in the form of a check payable jointly to petitioner and the Division of Medical Assistance, Case No. 207858, Office of the Controller, 2022 Mail Service Center, Raleigh, NC 27699-2022. Petitioner agrees to endorse this payment to the Division of Medical Assistance.

The above amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. Section 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the HPV vaccines administered on October 4, 2010 and February 4, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about September 18, 2013, in the United States Court of Federal Claims as petition No. 13-692V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the HPV vaccines received by petitioner either caused or significantly aggravated petitioner's alleged injuries or any other injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

*[signature: Summer Shell]*
SUMMER SHELL

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |
| *[signature]* | *[signature: Vincent J. Matanoski]* |
| MARK T. SADAKA | VINCENT J. MATANOSKI |
| Law Office of Sadaka Associates, LLC | Deputy Director |
| 155 North Dean Street, 4th Floor | Torts Branch |
| Englewood, NJ 07631 | Civil Division |
| 1-800-810-3457 | U.S. Department of Justice |
| | P.O. Box 146 |
| | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:** | **ATTORNEY OF RECORD FOR RESPONDENT:** |
| *[signature]* | *[signature]* |
| NARAYAN NAIR, M.D | DARRYL R. WISHARD |
| Acting Director, Division of Injury Compensation Programs | Senior Trial Attorney |
| Healthcare Systems Bureau | Torts Branch |
| U.S. Department of Health and Human Services | Civil Division |
| 5600 Fishers Lane | U.S. Department of Justice |
| Parklawn Building, Mail Stop 08N146B | P.O. Box 146 |
| Rockville, MD 20857 | Benjamin Franklin Station |
| | Washington, DC 20044-0146 |
| | Tel: (202) 616-4357 |

Dated: 4-25-16    5/4/16

5